UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SERKAN TUTKA,
[A# 241-808-939]

         Petitioner,

   v.

KRISTI NOEM, et al.,

         Respondents.

No. 1:26-cv-00706-TLN-EFB

**ORDER**

This matter is before the Court on Petitioner Serkan Tutka's ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) On February 26, 2026, Respondents filed an answer. (ECF No. 12.) On March 2, 2026, Petitioner filed a traverse. (ECF No. 13.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Turkey. (ECF No. 12 at 1.) On July 19, 2022, Petitioner entered the United States and was detained by United States Border Patrol. (*Id.*) On July 20, 2022, Petitioner was issued a Notice to Appear. (*Id.* at 2.) On October 3, 2022, Petitioner was released from immigration detention on his own recognizance. (*Id.*) Petitioner timely filed an application for asylum and has a valid work permit. (ECF No. 1 at 2.)

1

On June 15, 2025, Petitioner was arrested for battery and criminal threats. (ECF No. 12-1 at 26.) No criminal complaint was issued.[1] (ECF No. 15.) Only July 2, 2025, Petitioner was detained by Enforcement and Removal Operations. (ECF No. 12 at 2.)

On January 27, 2026, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) Petitioner challenges his detention as violating the Immigration and Nationality Act, the Fifth Amendment, and the Administrative Procedures Act. (*Id.* at 26–32.) As the Court finds Petitioner's detention violates the Fifth Amendment, the Court does not address the remaining claims.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of

---

[1]    Respondents' assertion that "there is not yet a final disposition of the charges" against Petitioner is incorrect. (ECF No. 12 at 2 (citing ECF No. 12-1 at 3); ECF No. 15.) Respondents' counsel is reminded of her duty of candor to the Court and her obligations under Federal Rule of Civil Procedure 11 to ensure that factual representations to the Court have evidentiary support after a reasonable inquiry.

the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*a)   Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). To determine whether an individual's specific conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025).

Here, Petitioner gained a protected liberty interest in his freedom when he was released on his own recognizance in October 2022. (ECF No. 12 at 2.) Under *Morrissey*, this release was an implied promise that Petitioner would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. There is no indication Petitioner violated those terms. (*See generally* ECF No. 12-1.) Indeed, Respondents' records show Petitioner was detained because of his arrest in Contra Costa County, not for violating the conditions of his release. (*Id.*) As this Court has found previously, along with many other courts in this district

when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings.  *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Respondents' arguments that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1225(b)(2) ("§ 1225(b)(2)") and 1226(c)(1) ("§1226(c)(1)") are unpersuasive.

First, the vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2).  *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3(E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).  Respondents put forth no compelling argument to the contrary.

Second, Petitioner is not subject to detention under § 1226(c)(1)(E).  Although Petitioner was arrested, no complaint was ever filed.  (ECF No. 15.)  Under California law, when an individual is arrested but released with no filed accusatory pleading, "the arrest shall not be deemed an arrest, but a detention only."  Cal. Penal Code § 849.5.  Being detained for a crime is insufficient to subject a noncitizen to mandatory immigration detention under §1226(c)(1)(E).[2]

---

[2]    The Court further finds serious constitutional concerns would be presented if § 1226(c)(1)(E) authorized the detention of a noncitizen who was arrested and released without the

In sum, Petitioner has a liberty interest in his release from immigration detention protected by the Due Process Clause.

*b) Procedural Due Process*

Having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

As to the first *Mathews* factor – Petitioner's private interest – Petitioner was out of custody for almost three years. The time Petitioner has spent in the United States, as well as his established relationships, create a powerful private interest in Petitioner's continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

As to the second *Mathews* factor – the risk of erroneous deprivation – the Court finds the risk here to be considerable. The risk of an erroneous deprivation of Petitioner's liberty interest is high where he has received virtually no procedural safeguards such as a bond or custody redetermination hearing. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). This is particularly so where, as here, Petitioner was previously interviewed and released on his own recognizance. (ECF No. 12 at 2.)

As to the third *Mathews* factor, the government's interest in detaining Petitioner without a hearing before a neutral decisionmaker is negligible. *R.D.T.M.*, 2025 WL 2686866 at *6. Where

---

filing of a formal accusatory pleading, as it would subject the noncitizen to mandatory detention without ever receiving due process, either for a criminal proceeding to adjudicate guilt, or a bond hearing to evaluate flight risk or dangerousness.

removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Petitioner's asylum application is ongoing, there is no removal order, and Petitioner was previously found suitable for parole. Moreover, Petitioner was never charged with or found guilty of any crime. Respondents do not claim Petitioner violated the terms of his parole or that there is a change in circumstances justifying his detention. Therefore, on this record, the Court can find no legitimate interest for Respondents to continue detaining Petitioner.

The Court therefore finds Petitioner's re-detention without a hearing violates due process. The Court GRANTS Petitioner's petition for writ of habeas corpus. (ECF No. 1).

**IV.   CONCLUSION**

IT IS HEREBY ORDERED:

1.   Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED;

2.   Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where: (a) Respondents show there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have his counsel present.

3.   The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 16, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE